# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>MARCO ANTONIO LOPEZ FLOREZ,<br><br>Defendant-Petitioner. | CASE NO. 1:10-CR-000305-(3) LJO<br><br>ORDER NOTIFYING PETITIONER OF THE CONSEQUENCES OF RE-CHARACTERIZING HIS MOTION AS MADE UNDER 28 U.S.C. § 2255<br><br>(ECF NO. 90) |

On June 27, 2016, Petitioner Marco Antonio Lopez Florez filed a *pro se* "Motion for a Sentence Reduction Based on the *Johnson* and *Welch* Decisions" (ECF No. 90). Petitioner did not specify whether the motion was pursuant to Title 28, United States Code, Section 2255 ("§ 2255").

On August 2, 2016, the Court issued an Order notifying Petitioner of the Court's intent to re-characterize his motion as a § 2255 motion, referring the motion to the Federal Defender's Office ("FDO"), and setting an initial briefing schedule. ECF No. 91.

On September 16, 2016, the FDO filed notice that it would not supplement Petitioner's Motion and requested withdrawal as counsel in this case. ECF No. 92. In light of the FDO's notice of non-supplementation and withdrawal as counsel, and in an abundance of caution, the Court now notifies Petitioner directly as follows. The Court has the discretion to "ignore the legal label that a *pro se* litigant attaches to a motion," and to re-characterize the motion by placing it in the appropriate legal category. *Castro v. United States*, 540 U.S. 375, 381 (2003). Because Petitioner's motion specifically invokes *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016), the motion has a clear underlying legal basis in § 2255. *See, e.g.*, *Clark v. United States*, No. 5-16cv64, 2016 WL 4247116, at *1 n.1 (E.D. Tex. Aug 11, 2016).

However, before the Court re-characterizes Petitioner's motion as arising under § 2255, it must caution Petitioner of its intent to re-characterize the motion and the consequences of doing so, and must also provide Petitioner "an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro*, 540 U.S. at 383. In particular, the Court now explicitly cautions Petitioner that should the Court re-characterize this motion as a § 2255 motion, any subsequent § 2255 motion Petitioner should wish to file in the future will be subject to the restrictions on "second or successive" motions under the Antiterrorism and Effective Death Penalty Act. *Castro*, 540 U.S. at 383. Finally, the Court now explicitly provides Petitioner with the opportunity to withdraw the pending motion or to amend the motion so that it contains all the § 2255 claims Petitioner believes he has. *Id.*

Accordingly, **IT IS HEREBY ORDERED** that Petitioner shall have until **November 25, 2016**, to file an appropriate notice electing to withdraw the pending motion, **or** to amend this motion with any further § 2255 claims, **or** proceed with the understanding that the Court will construe the motion as one brought under § 2255. The Court additionally cautions Petitioner that his failure to respond to this Order will result in the Court re-characterizing this motion, setting a formal briefing schedule, and proceeding to rule upon the motion as it currently stands.

IT IS SO ORDERED.

Dated:   **September 22, 2016**        /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE