# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:10-CR-305-(3)-LJO |
| Plaintiff-Respondent, | |
| v. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S § 2255 MOTION |
| MARCO ANTONIO LOPEZ-FLOREZ, | |
| Defendant-Petitioner. | ECF No. 90 |

## I. INTRODUCTION

On June 27, 2016, Petitioner Marco Antonio Lopez-Florez ("Petitioner") filed a *pro se* "Motion for a Sentence Reduction Based on the *Johnson* and *Welch* Decisions." ECF No. 90. Petitioner did not specify whether the motion was pursuant to Title 28, United States Code, Section 2255 (§ 2255"). *See id.*

On August 2, 2016, the Court issued an order notifying Petitioner of the Court's intent to re-characterize his motion as a § 2255 motion, referring the motion to the Federal Defender's Office ("FDO"), and setting an initial briefing schedule. ECF No. 91.

On September 16, 2016, the FDO filed notice that it would not supplement Petitioner's motion and requested withdrawal as counsel in this case. ECF No. 92. In light of the FDO's notice of non-supplementation and withdrawal as counsel, and in an abundance of caution, the Court issued an order notifying Petitioner of its intent to re-characterize his motion as a § 2255 motion because it specifically invokes *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016). ECF No. 93. The Court also cautioned Petitioner that its re-characterization of his motion as a §

1

2255 motion would result in any subsequent § 2255 motion he should wish to file in the future being subjected to the restrictions on "second or successive" motions under the Antiterrorism and Effective Death Penalty Act. *Id.* (citing *Castro v. United States*, 540 U.S. 375, 383 (2003)). Specifically, the Court informed Petitioner that he had until November 25, 2016, to file an appropriate notice electing to withdraw the pending motion, or to amend the motion with any further § 2255 claims, or proceed with the understanding that the Court would construe the motion as one brought under § 2255. *Id.* The Court additionally warned Petitioner that his failure to respond would result in the Court re-characterizing the motion and proceeding to rule upon it. *Id.* To date, Petitioner has not responded to the Court's order.

Upon review of Petitioner's motion and the record in this case, the Court has determined that a response by the Government is not necessary. For the reasons that follow, the Court DENIES Petitioner's motion under § 2255.

## II. <u>BACKGROUND</u>

On March 3, 2011, subsequent to a six-count indictment (ECF No. 24), Petitioner pleaded guilty to Count One, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), Conspiracy to Manufacture and Distribute Marijuana with Intent to Distribute. *See* ECF Nos. 41, 44.

In Petitioner's Presentence Investigation Report ("PSR"), the United States Probation Office determined Petitioner's total offense level to be 27. PSR ¶ 23. According to the PSR, a total of 6,540 marijuana plants were eradicated during Petitioner's offense and an additional 407.8 grams of marijuana were seized. *Id.* ¶ 16. The number of marijuana plants and the processed marijuana resulted in a calculation that a total of 654.4078 kilograms of marijuana were involved in Petitioner's offense. *Id* ¶ 16. Pursuant to section 2D1.1(c)(6) of the United States Sentencing Guidelines ("USSG" or "Guidelines")[1], Petitioner's base offense level was 28 (based on the amount of marijuana involved in the case) and his criminal history was category III (based on 4 criminal history points). *See id*. at ¶¶ 16, 29-

---

[1] The 2010 edition of the Guidelines was used to prepare Petitioner's PSR. PSR ¶ 14.

31. Pursuant to § 2D1.1(b)(1), because the offense involved the possession of a firearm, the PSR found appropriate a two-level increase. *See id.* at ¶ 17. Pursuant to §§ 3E1.1(a) and (b), Petitioner acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 27. *See id.* at ¶¶ 22-23. The Guidelines range for a defendant with an offense level of 27 and a criminal history category III was 87 to 108 months. *See id.* at ¶ 64; USSG Ch. 5, Pt. A; § 2D1.1. However, because Petitioner's offense involved 6,540 marijuana plants, he was subject to a statutorily required minimum sentence of ten years. 21 U.S.C. § 841(b)(1)(A)(vii).[2] Pursuant to § 5G1.1(b)[3], the ten-year mandatory minimum overruled the Guidelines range, and the PSR therefore recommended a sentence of 120 months imprisonment. PSR at 14.

On May 16, 2011, adopting the PSR and accepting the plea agreement, the Court sentenced Petitioner to 120 months in custody. *See* ECF Nos. 54, 56.

Petitioner did not appeal his conviction or sentence. This is his first motion under § 2255.

### III. LEGAL FRAMEWORK

A. **28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

[1] that the sentence was imposed in violation of the Constitution or laws of the United States; or

[2] that the court was without jurisdiction to impose such sentence; or

[3] that the sentence was in excess of the maximum authorized by law; or

[4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental

---

[2] 21 U.S.C. § 841(b)(1)(A)(vii) provides that any person whose controlled substance involves more than 1,000 marijuana plants, regardless of weight, "shall be sentenced to a term of imprisonment which may not be less than 10 years."

[3] Section 5G1.1(b) provides that if a statutorily required minimum sentence is greater than the maximum of the applicable Guideline range, the statutorily required minimum sentence shall be the Guideline sentence.

3

defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

B. *<u>Johnson v. United States</u>*

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015) ("*Johnson II*"); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563.

## IV. DISCUSSION

Petitioner argues that he is entitled to a reduction in his sentence under *Johnson* because his "sentence was enhanced by his criminal history" and notes that he has been engaging in educational and vocational programs offered at his prison. ECF No. 90 at 2. Aside from these contentions, he provides no other legal arguments. *See id.*

According to the PSR, one of Petitioner's adult criminal convictions received criminal history

4

points: a felony offense for unlawful possession of cocaine for sale on March 25, 2009, for which he served 83 days in jail before being deported. PSR ¶ 27. Pursuant to § 4A1.1(b)[4], the PSR determined that this offense warranted 2 criminal history points, and added an additional 2-point enhancement pursuant to § 4A1.1(d)[5] because at the time that offense was committed, Petitioner was under a criminal justice sentence of probation for a different offense. *Id.* ¶ 30. As a result, the PSR found Petitioner's total criminal history score to be 4, and pursuant to the USSG Sentencing Table, Petitioner's criminal history category was determined to be III. *Id.* ¶¶ 29-31.

It is clear from the record that Petitioner was not sentenced pursuant to the ACCA. Furthermore, the calculation of Petitioner's criminal history did not in any way rely upon the language that the Supreme Court invalidated in *Johnson*, which does not apply to controlled substance offenses such as Petitioner's. *See, e.g.*, *Hernandez v. United States*, Nos. 4:16-cv-0027-EJL, 4:13-CR-00082-EJL, 2016 WL 6471438, at *3 (D. Idaho Nov. 1, 2016) ("Petitioner's prior controlled substances conviction … is not impacted by the *Johnson* decision"). Because Petitioner's criminal history was accurately computed in accordance with the Guidelines and he has asserted no other § 2255 claims, Petitioner's sentence was properly imposed and the Court DENIES Petitioner's § 2255 motion.[6]

//
//
//
//
//

---

[4] Section 4A1.1(b) provides that 2 points shall be added for each prior sentence of imprisonment of at least sixty days.

[5] Section 4A1.1(d) provides that 2 points shall be added if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

[6] The Court acknowledges that Petitioner states in his § 2255 motion that he has made efforts towards self-improvement and rehabilitation while in prison. The Court commends Petitioner for these efforts and notes that its denial of Petitioner's § 2255 motion is not a reflection of Petitioner's character, but is a matter of law.

**CONCLUSION AND ORDERS**

For the reasons above, the Court **DENIES** Petitioner Marco Antonio Lopez-Florez's § 2255 motion (ECF No. 90).

Furthermore, because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

    Dated: __**May 22, 2017**__          __/s/ Lawrence J. O'Neill__
                                                  UNITED STATES CHIEF DISTRICT JUDGE